IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**DONOVAN JOHNSON**                                                                                  **PLAINTIFF**

**v.**                                                                                    **No. 1:09CV169-M-S**

**KOSCIUSKO POLICE DEPARTMENT, ET AL.**                                       **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Donovan Johnson, who challenges, under 42 U.S.C. § 1983, the validity of his arrest. Johnson claims that on January 23, 2008, police officers conducted a warrantless search of his home at 429 Peachtree Street, Kosciusko, MS 39090. The police officers found a set of scales and baggies during the search. At the time of the search, Johnson alleges that he was being treated at Monfort Jones Memorial Hospital in Kosciusko and thus could not have consented to the search. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The defendants have moved for summary judgment; Johnson has responded, and the defendants have replied. Johnson requested an extension to supplement his response, and the court granted an extension until March 15, 2010. Johnson has not supplemented his response, and the deadline to do so has expired. The matter is ripe for resolution. For the reasons set forth below, the defendants' motion for summary judgment will be granted and judgment entered for the defendants.

**Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual

controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

**Discussion**

In their motion for summary judgment, the defendants argue that law enforcement officers searched Johnson's home pursuant to a valid warrant, issued by a neutral and detached magistrate, supported by oath or affirmation which established probable cause. The defendants concede that they can locate neither the original search warrant nor the original affidavit supporting the warrant. Instead, they offer unsigned copies of these documents with an affidavit from the issuing judge. The judge confirms that he indeed issued the warrant based upon the signed affidavits in support of the warrant and that he found probable cause existed to search Johnson's home. The affidavit in support of the warrant (with the attached sheet establishing the underlying facts), show that on January 23, 2008, a law enforcement officer used a confidential informant to conduct a controlled buy of crack cocaine from Johnson's residence at 429 Peachtree Street in Kosciusko, Mississippi.

In his response, Johnson argues that on January 23, 2008, he was in the hospital both when the search was conducted – and when the controlled buy took place. In their reply the defendants argue that Johnson's response did not refute the evidence in support of the motion for summary judgment.

First, to the extent that Johnson is attempting to establish an alibi for the time of the controlled buy, that claim is dismissed under *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364,

129 L.Ed.2d 383 (1994). Under *Heck*, a § 1983 claim for damages that calls into question the lawfulness of conviction or confinement or otherwise demonstrates the invalidity of the conviction or confinement is not cognizable under § 1983 until such time as the plaintiff is able to:

> prove that the conviction or sentence has been *reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus*, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 114 S. Ct. at 2372; *see also Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994). Only if the court finds that the plaintiff's § 1983 suit, even if successful, "will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff," should the § 1983 action be allowed to proceed. *See Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995).

In the case at hand, Johnson's success in his claim for damages against the defendants regarding his alibi during the controlled buy conducted on January 23, 2008, would necessarily draw into question the validity of his conviction or sentence. Therefore, in order to state a valid claim under § 1983, Johnson must "demonstrate that the conviction or sentence has already been invalidated . . . ." *Heck*, 114 S. Ct. at 2372. Johnson has made no such showing; therefore, this claim will be dismissed.

Second, the defendants have offered proof that they secured a valid warrant before searching Johnson's home. Although production of the originals (or even photocopies) of the signed warrant and affidavits would have been preferable, the unsigned documents provided – with the affidavit of the issuing judge – are sufficient to support the defendants' motion for summary judgment. The plaintiff has offered no evidence to rebut this proof. As such, the

plaintiff's allegation that the search of his home was conducted without a warrant is without substantive merit.

For these reasons, the defendants' motion for summary judgment will be granted and judgment entered for the defendants. A final judgment consistent with this memorandum opinion will issue today.

SO ORDERED, this the 25th day of March, 2010.

                                         **/s/ MICHAEL P. MILLS**
                                         **CHIEF JUDGE**
                                         **UNITED STATES DISTRICT COURT**
                                         **NORTHERN DISTRICT OF MISSISSIPPI**